217 So.2d 240

**ANONYMOUS**

**v.**

**ANONYMOUS.**

**8 Div. 213.**

Supreme Court of Alabama.

Dec. 12, 1968.

Arnold B. Miller, Huntsville, for appellant.

Ford, Caldwell, Ford & Payne, Huntsville, for appellee.

COLEMAN, Justice.

Complainant sued respondent for divorce from the bonds of matrimony and for other relief.

Complainant alleged that she and respondent had contracted a common-law marriage. She averred that respondent has committed acts of adultery since the marriage of the parties. Adultery is the only ground for divorce averred in the bill of complaint.

The court heard testimony ore tenus from several witnesses called by complainant. Complainant then rested, and respondent moved to exclude the evidence and argued at length in support of the motion, saying among other things, that "* * * there has been no proof of adultery—no proof of anything." As we understand the record, respondent was correct in saying that there had been no proof of adultery.

Complainant asked leave of the court to reopen the evidence on two matters mentioned by counsel for respondent and the court granted complainant leave to reopen.

Complainant then called a witness who testified that she was "presently dating" the respondent and had "dated" him "over some period of years."

She was asked whether, since September, 1963, she had had sexual intercourse with respondent in the State of Alabama, and she answered "Yes." Counsel for complainant then said:

"No further questions."

Counsel for respondent made a statement and the examination of this witness continues as follows:

"THE WITNESS: I want to go back to that question, now; do you mean—I am talking about relations that do not mean that I have been to bed with the man. My sexual relations are of a clean manner, and not the type—Now what do you mean? Would you please clear that in my mind?

"MR. McLAIN: Yes, ma'm; I simply mean sexual intercourse. I don't mean anything derogatory or otherwise; I simply meaning having sexual relations.

"THE WITNESS: Well, we have not had sexual relations any more than would be such as kissing each other, and that type; now if you are talking about the kind that I was married to the man, sexual intercourse?

"MR. McLAIN: I'm not—I didn't ask you * * *

"MR. FORD: May he be instructed to ask the question so as to clarify it?

"THE WITNESS: Clear the point for me, please.

"Q What I mean by sexual intercourse * * *

"A Yes.

"Q * * * is whether or not your bodies have been in contact with each other and whether or not—I

**376**

would like for the Court to define sexual intercourse.

"MR. FORD: What he means is the act of copulation by the insertion of ('respondent's') penis into her vagina; that's what he means—if he ever did * * *

"THE WITNESS: We have not had relations of that nature.

"Q  All right, have you since September 23d, 1963, had sexual intercourse with ('respondent') in the state of Tennessee?

"MR. FORD: We object to that, Your Honor—Well, all right; all right; I believe I'll withdraw that.

"THE COURT: Do you wish to object to the question on the ground it might tend to incriminate you?

"THE WITNESS: No.

"THE COURT: You have not had relations?

"THE WITNESS: We have not, as defined in what he asked.

"Q  I take it from your answer that you, until today, you were not familiar with the term sexual intercourse?

"MR. FORD: We object to that, Your Honor; now that's an assumption on Mr. McLain's * * *

"A  I am asking: Were you familiar with the term?

"MR. FORD: Well, if Your Honor please, now that is a definition that Mr. McLain has in his own mind, as I understand it. She understands now what you mean.

"THE COURT: Well, before you came in here today you thought that sexual relations and sexual intercourse might be something like kissing?

"THE WITNESS: Well, to a certain extent. I know, but I didn't know exactly what his question, as to what extent, he was asking, or how he was asking.

"MR. FORD: If Your Honor please, his question was sexual relations, which would be entirely different from sexual intercourse.

"THE WITNESS: He did not ask the question, sexual intercourse, as I remember. He asked 'sexual relations'." (Par. Supplied)

Complainant has not cited any other evidence in the record to prove that respondent had been guilty of adultery. The quoted testimony is not sufficient to prove adultery.

Since complainant did not prove the alleged ground for divorce, the court did not err in dismissing the bill of complaint or in denying relief to complainant.

Affirmed.

LAWSON, SIMPSON and BLOODWORTH, JJ., concur.